UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH P.,[1] <br><br> Plaintiff, <br><br> v. <br><br> SSA COMMISSIONER, <br><br> Defendant. | Case No.  25-cv-04363-TSH <br><br> **ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. Nos. 14, 26 |

## I.    INTRODUCTION

Plaintiff Joseph P. moves for summary judgment to reverse the Social Security Administration's denial of his claim for disability benefits under the Social Security Act, 42 U.S.C. § 401 et seq.  ECF No. 14.  Defendant cross-moves to remand.  ECF No. 26.  Pursuant to Civil Local Rule 16-5, the matter is submitted without oral argument.  For the reasons stated below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's cross-motion.[2]

## II.    PROCEDURAL HISTORY

On August 6, 2014, Plaintiff filed an application for Social Security Disability Insurance benefits with a disability onset date of August 7, 2012.  AR 67-68.  His application was denied initially on February 18, 2015, and then at a reconsideration review on August 11, 2015.  AR 104, 110.  On August 20, 2015, Plaintiff requested a hearing before an Administrative Law Judge (ALJ).  AR 116.  On March 12, 2017, the ALJ held a hearing and heard testimony from Plaintiff and a vocational expert (VE).  AR 34-66.  The ALJ issued an unfavorable decision on May 23,

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 7, 13.

United States District Court
Northern District of California

United States District Court
Northern District of California

2017.  AR 12-33.  On April 26, 2018, the Appeals Council denied Plaintiff's request for review. AR 1-6.  Plaintiff then filed a civil action in this Court (18-cv-03193) seeking judicial review of the Commissioner's decision.  On June 11, 2019, the Court remanded the case for further proceedings.  AR 554-81.

On February 4, 2020, the same ALJ held another hearing and again heard testimony from Plaintiff and a VE.  AR 479-503.  The ALJ issued a second unfavorable decision on April 17, 2020.  AR 453-78.  Plaintiff then filed a second civil action in this Court (20-cv-08253) seeking judicial review of the Commissioner's decision.  On December 30, 2021, the Court remanded the case for further proceedings.  AR 819-43.

On January 5, 2023, a second ALJ held a hearing and again heard testimony from Plaintiff and a VE.  AR 764-87.  The ALJ issued a third unfavorable decision on May 4, 2023.  AR 738-63. Plaintiff then filed a third civil action in this Court (23-cv-03853) seeking judicial review of the Commissioner's decision.  On April 2, 2024, the Court remanded the case for further proceedings. AR 1185-1213.  In its decision, the Court found "the ALJ failed to fully and fairly develop the record when evaluating Plaintiff's disability claim because he found Plaintiff 'may sometimes miss up to one day of work per month,' the VE testified that just one absence during the first 90 days of employment could render Plaintiff incapable of sustaining work, and the ALJ failed to clarify whether Plaintiff could still perform the three jobs listed by the VE despite these potential absences."  AR 1213.

On January 17, 2025, the second ALJ held another hearing and again heard testimony from Plaintiff and a VE.  AR 1131-57.  On March 11, 2025, the ALJ issued another unfavorable decision.  AR 1099-1120.  This case followed on May 21, 2025.

### III.   ISSUES FOR REVIEW

Plaintiff raises one issue on appeal: (1) Did the ALJ err in considering the effect of absences during probationary periods on Plaintiff's ability to sustain work?

### IV.   STANDARD OF REVIEW

42 U.S.C. § 405(g) provides this Court's authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite

United States District Court
Northern District of California

limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id.* Substantial means "more than a mere scintilla," but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). Under this standard, which is "not high," the Court looks to the existing administrative record and asks "whether it contains 'sufficient evidence' to support the agency's factual determinations." *Id.* at 102 (cleaned up).

The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Id.* at 1010 (citation omitted). If "the evidence can reasonably support either affirming or reversing a decision," the Court must defer to the ALJ's decision. *Id.* (citation omitted).

Even if the ALJ commits legal error, the ALJ's decision must be upheld if the error is harmless, meaning "it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Brown-Hunter*, 806 F.3d at 492 (cleaned up). But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id.* (cleaned up).

## V.    DISCUSSION

### A.    Framework for Determining Whether a Claimant Is Disabled

A claimant is "disabled" under the Social Security Act (1) "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months" and (2) the impairment is "of such severity

that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(A)-(B); *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(1) (disability insurance benefits); *id.* § 416.920(a)(4) (same standard for supplemental security income). The claimant bears the burden of proof at steps one through four. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citation omitted).

At step one, the ALJ must determine if the claimant is presently engaged in a "substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i), defined as "work done for pay or profit that involves significant mental or physical activities." *Ford*, 950 F.3d at 1148 (cleaned up). Here, the ALJ determined Plaintiff had not performed substantial gainful activity since the alleged onset date of August 7, 2012. AR 1105.

At step two, the ALJ decides whether the claimant's impairment or combination of impairments is "severe," 20 C.F.R. § 404.1520(a)(4)(ii), "meaning that it significantly limits the claimant's 'physical or mental ability to do basic work activities.'" *Ford*, 950 F.3d at 1148 (quoting 20 C.F.R. § 404.1522(a)). If no severe impairment is found, the claimant is not disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ determined Plaintiff had the following severe impairments: anxiety disorders (including panic disorder and agoraphobia); depressive disorder; personality disorder; spine disorder; obesity; and urinary tract disorder. AR 1105.

At step three, the ALJ evaluates whether the claimant has an impairment or combination of impairments that meets or equals an impairment in the "Listing of Impairments" (referred to as the "listings"). *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1. The listings describe impairments that are considered "to be severe enough to prevent an individual from doing any gainful activity." *Id.* § 404.1525(a). Each impairment is described in terms of "the objective medical and other findings needed to satisfy the criteria of that listing." *Id.* § 404.1525(c)(3). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (footnote omitted). If a

United States District Court
Northern District of California

4

claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent to the criteria of the diagnosis, he is conclusively presumed to be disabled, without considering age, education and work experience. 20 C.F.R. § 404.1520(d). Here, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets the listings. AR 1106.

If the claimant does not meet or equal a listing, the ALJ proceeds to step four and assesses the claimant's residual functional capacity (RFC), defined as the most the claimant can still do despite their imitations (20 C.F.R. § 404.1545(a)(1)), and determines whether they are able to perform past relevant work, defined as "work that [the claimant has] done within the past five years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1). If the ALJ determines, based on the RFC, that the claimant can perform past relevant work, the claimant is not disabled. *Id.* § 404.1520(f). Here, the ALJ determined Plaintiff has the RFC to

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently. The claimant can stand and walk for six hours in an eight-hour workday and sit for six hours in an eight-hour workday. The claimant can push and pull as much as the [sic] he can lift and carry. The claimant can occasionally climb ramps and stairs; and frequently balance, stoop, kneel, crouch and occasionally crawl; and occasionally climb ladders, ropes or scaffolds. The claimant can perform low stress work, which is defined as simple, routine tasks involving simple workrelated decisions and occasional workplace changes; work that requires no in-person interaction with the public either on telephone or in person except incidental interaction such as directing someone to the nearest restroom or exit; and occasional workplace changes; brief but occasionally interact with co-workers that does not involve teamwork; and occasional interaction with supervisors. The individual may miss up to one day of work a month at times, but would not consistently miss one day every month such that the individual would be absent up to 5 days per year.

AR 1112-13. Based on this RFC, the ALJ determined Plaintiff could not perform past relevant work. AR 1117.

At step five, the burden shifts to the agency to prove that "'the claimant can perform a significant number of other jobs in the national economy.'" *Ford*, 950 F.3d at 1149 (quoting *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002)). To meet this burden, the ALJ may rely on the Medical-Vocational Guidelines (commonly known as "the grids"), 20 C.F.R. Pt. 404 Subpt.

P, App. 2,[3] or on the testimony of a vocational expert.  *Ford*, 950 F.3d at 1149 (citation omitted).  "[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy."  20 C.F.R. § 404.1560(b)(2).  An ALJ may also use other resources such as the Dictionary of Occupational Titles (DOT).[4]  *Id.*  Here, the ALJ determined Plaintiff could sustain work as a "Routing Clerk," "Price Marker" or "Sorter, Agricultural Produce."  AR 1118.  As such, the ALJ determined Plaintiff was not disabled under the Social Security Act.  AR 1120.

## B.    Step Five Analysis

Plaintiff argues the ALJ's step five finding he could do certain jobs was not supported by substantial evidence.  Specifically, he notes the VE testified that all three jobs identified by the ALJ have a ninety-day probationary period, yet no evidence contradicts testimony from two VEs that an individual who would be likely to miss even a single day of work during the probationary period could not sustain employment in any of those three jobs.  Pl.'s Mot. at 2.

In response, Defendant "agrees that remand is necessary to address the step five issue, namely, because it is not clear whether a person with Plaintiff's RFC could perform the jobs the ALJ identified at step five of the sequential evaluation."  Def.'s Mot. at 1.  Defendant states:

> The ALJ relied on testimony from the vocational expert showing that a person with Plaintiff's age, education, work experience, and RFC could perform occupations identified by the vocational expert (AR

[3] The grids "present, in table form, a short-hand method for determining the availability and numbers of suitable jobs for a claimant."  *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114-15 (9th Cir. 2006) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999)).  They consist of three tables, for sedentary work, light work, and medium work, and a claimant's place on the applicable table depends on a matrix of four factors: a claimant's age, education, previous work experience, and physical ability.  *Id.*  "For each combination of these factors, [the grids] direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements."  *Id.*
[4] The DOT classifies jobs by their exertional and skill requirements.  20 C.F.R. § 404.1566(d)(1); *Wischmann v. Kijakazi*, 68 F.4th 498, 502 (9th Cir. 2023) ("Although criticized as having many outdated job descriptions, the DOT is typically the starting point for VEs to identify the occupations relevant for each claimant's residual functional capacities.") (cleaned up); *Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) (The "best source for how a job is generally performed is usually the Dictionary of Occupational Titles.").

1117-20), but the vocational expert was asked about an individual with a somewhat different RFC (compare AR 1112-13 with AR 1142-43). The Commissioner is thus amenable to remand for further administrative proceedings so that the ALJ can ensure the hypothetical questioning and RFC finding align to produce a proper step-five finding.

*Id.* at 1-2.

As the Supreme Court has recognized, a vocational expert is a "professional," contracted to provide "impartial testimony," who "must have expertise and current knowledge" of the "conditions and physical demands" associated with various jobs, as well as "involvement in or knowledge of placing adult workers with disabilities into jobs." *Biestek*, 587 U.S. at 100 (cleaned up). An ALJ's reliance on qualified, cogent, and uncontradicted expert testimony generally constitutes substantial evidence in support of an ALJ's finding. *See Ford*, 950 F.3d at 1159. Here, however, Defendant admits the ALJ asked the VE about an individual with a different RFC than Plaintiff. In such circumstances, the ALJ may not rely on the expert's testimony to find that Plaintiff could perform the listed positions. *See Hamilton v. Comm'r of Soc. Sec. Admin.*, 464 F. App'x 681, 682 (9th Cir. 2012) ("Substantial evidence does not support a finding of disability where the VE's testimony either is contradictory or responds to an inaccurate hypothetical."); *Shawn W. v. O'Malley*, 2024 WL 3567514, at *11 (S.D. Cal. July 29, 2024) (remanding for further proceedings where VE responded to incomplete hypothetical because "[i]f the hypothetical posed to a vocational expert does not reflect all of the claimant's limitations, then the vocational expert's testimony 'has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'") (quoting *Hill*, 698 F.3d at 1162), *report and recommendation adopted*, 2024 WL 3746270 (S.D. Cal. Aug. 9, 2024). In such circumstances, remand is appropriate. *See Hamilton*, 464 F. App'x at 682.

The Court also notes the ALJ failed to address the probationary period issue on which the case was remanded. In his decision, the ALJ "finds that the number of absences during a probationary period are not relevant to a disability determination." AR 1119. However, the question of whether Plaintiff could sustain employment is, in fact, relevant to this determination. *See, e.g.*, *Gatliff v. Comm'r of Soc. Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999) ("We are persuaded by the reasoning of our sister circuits that substantial gainful activity means more than

merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time."); *Sczepanski v. Saul*, 946 F.3d 152 (2nd Cir. 2020) (finding the inability to complete a probationary period relevant to the determination at step five); *Dix v. Sullivan*, 900 F.2d 135, 138 (8th Cir. 1990) ("A condition that does not allow a person to work on a regular basis precludes substantial gainful activity."); *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986) ("A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time."); *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) (same). For example, in *Gatliff*, the Ninth Circuit found that the two months at issue in that case was not long enough to be considered a "regular and continuing basis," citing the regulations regarding the definition of an "unsuccessful work attempt," which at that time was any job lasting less than three months. 172 F.3d at 694. In *Sczepanski*, the ALJ used similar terminology - that the claimant may "miss up to one day of work per month." 946 F.3d at 156. Vocational testimony in that case was that "during the probationary period of 90 to 120 days there is typically no tolerance for absence." *Id.* The Second Circuit determined that a probationary period is "generally just the first phase of a job, after an employee has been hired" and therefore is not related to an "inability to *obtain* work." *Id* at 159-61 (emphasis in original) ("Again, however, we think the Commissioner misses the mark, as the cited regulations and legislative history concern the inability to *obtain* work, whereas Sczepanski's argument rests on her failure to *perform* work after being hired"). Social Security regulations now define any job *lasting less than six months* to be an unsuccessful work attempt if preceded by a "significant break in the continuity" of work and the work ended because of the individual's impairment-related limitations. 20 C.F.R. § 404.1574(c). Here, the VE confirmed that all three of the jobs that the ALJ relied upon for his step five denial would have ninety-day probationary periods. *See* AR 1150 (Counsel: "Would that be true for the jobs that you mentioned today?" VE: "Yes"). As such, the Court finds the ALJ committed error in failing to address the probationary period.

"If the Court determines that there has been reversible legal error, the Court must then

decide whether to remand for further proceedings or for an automatic award of benefits."). *G.P. v. Dudek*, 2025 WL 945813, at \*4 (N.D. Cal. Mar. 28, 2025). Plaintiff argues the "credit-as-true" rule applies and the Court should order remand solely for the payment of benefits. Pl.'s Mot. at 6-7.

The Social Security Act permits courts to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also Garrison*, 759 F.3d at 1019 ("[I]n appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits."). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

"In determining whether to remand for benefits, the Ninth Circuit has devised a 'three-part credit-as-true standard.'" *Dwight F. v. O'Malley*, 2024 WL 3580823, at \*2 (N.D. Cal. July 29, 2024) (citing *Garrison*, 759 F.3d at 1020). Courts use the credit-as-true rule to take subjective symptom testimony or medical opinion evidence "to be established as true." *Garrison*, 759 F.3d at 1019–20. Under the following tripart credit-as-true standard, each part must be satisfied for a court to remand to an ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
>
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
>
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020; *see Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) ("We conclude that each of the credit-as-true factors is satisfied and thus that remand for the calculation and award of benefits is warranted.").

On the other hand, "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the

evidence were properly evaluated." *Luther v. Berryhill*, 891 F.3d 872, 877 (9th Cir. 2018) (cleaned up). It is only "rare circumstances that result in a direct award of benefits" and "only when the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record supported the reasons provided by the ALJ for denial of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017).

Plaintiff argues remand for an award of benefits is appropriate because (1) there is no dispute the ALJ erred and (2) he applied for benefits in 2014, over eleven years ago, and has testified at four administrative hearings along with four separate vocational experts. Pl.'s Mot. at 7 (citing AR 34, 479, 764, 1131). Thus, there "is nothing useful to be gained by having [him] appear for a fifth administrative proceeding, particularly as his date last insured is in the past (AR 67). The Commissioner has demonstrated time and again that [he] is not likely to receive an ALJ decision free from error in his case." *Id.*

The Court understands Plaintiff's frustration with how long his case has been pending, but it is also mindful that a claimant "is not entitled to benefits under the statute unless [he] is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011); *Brown-Hunter*, 806 F.3d at 495 ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error."). As such, courts must remand for further proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021; *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (there is no need to evaluate whether "the three preliminary requirements" of the rule are met if the record contains "serious doubt" that the claimant is disabled).

Plaintiff argues the ALJ "blatantly refused to follow this Court's Order and reduced [his] limitations in the RFC (from absences up to once a month for all twelve months to only five per year) without citing any evidence that would warrant such a change . . . . There was no additional evidence or justification cited by the ALJ for reducing the RFC limitation on absences (AR 1105-1119)." Pl.'s Mot. at 7. He argues he "has been waiting for a disability decision free from error, and there is no indication that a fifth remand for further proceedings would provide him with one." *Id.* But at Plaintiff's 2025 hearing, the VE testified as to the hypothetical individual described by

10

United States District Court
Northern District of California

the ALJ, who could work in the identified occupations even if absent from work up to five days per year, no more than once per month.  AR 1144, 1146, 1118.  Upon further questioning by Plaintiff's representative, the expert clarified that such an individual could not maintain employment in the identified occupations if two of those five absences occurred during the first 60 days of employment without a very good reason, or if one such absence occurred during the first 30 days of employment.  AR 1149-51.  Those answers do not conclusively establish disability, as the five absences described by the ALJ would not necessarily yield two absences within the first 60 days or one within the first 30 days.

The Court previously remanded this case because prior VE testimony (offered at Plaintiff's 2023 hearing) appeared flawed regarding the ability to maintain employment with work absences during a probationary period.  AR 1211-12.  That expert testified that a person would have difficulty maintaining employment with absences occurring during the first 90 days of work (AR 782) but later qualified that answer in posthearing interrogatory responses by stating that probationary periods "*vary widely* from state to state; between industries, occupations and among employers."  AR 950 (emphasis original).  At the 2025 hearing, a different expert testified and confirmed that a person who had up to five monthly absences per year could perform the jobs identified in the ALJ's decision, albeit with limits on absences during the first 60 days that are not necessarily foretold by the ALJ's RFC finding.  AR 1144, 1146, 1149-51.  If the case is remanded and the ALJ obtains VE testimony that aligns with the appropriate RFC finding, more detailed information can be developed about the impact of work absences.  As such, it is not clear that the ALJ would be required to find Plaintiff disabled after clarifying this issue, and remand for further proceedings is therefore appropriate.  *See Derek S. v. Acting Comm'r of Soc. Sec.*, 2021 WL 3400979, at *6 (W.D. Wash. Aug. 4, 2021) (remand for further proceedings warranted where it "would allow the ALJ the opportunity to present a proper hypothetical to a vocational expert."); *Solomon v. Comm'r of Soc. Sec. Admin.*, 376 F. Supp. 3d 1012, 1021 (D. Ariz. 2019) (remand appropriate where ALJ omitted certain limitations from the hypothetical posed to the vocational expert); *Terrazas v. Astrue*, 726 F. Supp. 2d 1139, 1147 (E.D. Cal. 2010) (remand for further proceedings appropriate because "[r]eliance on a hypothetical that fails to include all accepted

11

limitations is insufficient to carry the agency's burden of proving the ability to engage in alternative work."); *Hutton v. Astrue*, 491 Fed. App'x 850, 851 (9th Cir. 2012) (holding the ALJ erred "in failing to include Hutton's post-traumatic stress disorder . . . in his hypotheticals to the vocational expert at Step Five," after finding it caused Hutton "'mild' limitations in the areas of concentration, persistence, or pace"); *Samples v. Comm'r. of Soc. Sec. Admin.*, 466 Fed. App'x 584, 586 (9th Cir. 2012) (remand for further proceedings appropriate where hypothetical question the ALJ posed to vocational expert regarding claimant's ability to find work in national economy was defective when it ignored one of the doctor's diagnoses of functional limitation on claimant's ability to accept instructions from supervisors and to respond appropriately to criticism from supervisors).  Thus, while remand is appropriate for the reasons discussed above, the credit as true doctrine will not be applied because there remains some doubt that Plaintiff is or was disabled.

## VI.    CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion, **GRANTS** Defendant's cross-motion, and remands this matter for further proceedings consistent with this order.  The Court shall enter a separate judgment, after which the Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: March 20, 2026

THOMAS S. HIXSON
United States Magistrate Judge